NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MICHAEL HERLIHY, | ) | Hon. Harold A. Ackerman |
| Plaintiff, | ) ) ) | Civil Action No. 07-5828 (HAA) |
| v. | ) ) | **OPINION & ORDER** |
| TRANS-UNION CORPORATION, | ) ) |  |
| Defendant. | ) ) |  |

Michael J. Herlihy
96 Heckel Street
Belleville, NJ 07109
*Pro Se Plaintiff*

Timothy P. Creech, Esq.
KOGAN, TRICHON & WERTHEIMER, P.C.
1818 Market Street, 30th Floor
Philadelphia, PA 19103
*Attorneys for Defendant Trans Union LLC*[1]

**Ackerman, Senior District Judge:**

      This matter comes before the Court on Defendant's renewed motion to dismiss for lack of prosecution (Doc. No. 10). For the following reasons, Defendant's motion will be granted.

---

[1] Trans Union LLC was improperly pled as "Trans-Union Corporation."

1

**BACKGROUND**

On October 22, 2007, Plaintiff Michael Herlihy commenced a civil action *pro se* against Defendant in the Superior Court of New Jersey, Law Division. The action was removed by Defendant to this Court on December 6, 2007 because the Complaint alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* Thus, this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

Magistrate Judge Salas issued an Order on May 14, 2008, scheduling an initial conference for July 23, 2008. Herlihy failed to respond or appear. On July 14, 2008, Defendant served written discovery requests on Herlihy, but he did not respond. On July 23, 2008, Magistrate Judge Salas granted Defendant leave to file a motion for failure to prosecute. On August 1, 2008, Defendant filed a motion to dismiss for failure to prosecute. Once again, Herlihy failed to respond. On October 3, 2008, this Court denied Defendant's motion but admonished Herlihy "to fulfill his obligations flowing from his position as a party in suit before this Court. If Herlihy no longer wishes to pursue this litigation, he should dismiss it; otherwise the Court will. Forewarned is forearmed." *Herlihy v. Trans-Union Corp.*, slip op., No. 07-5828, at *5 (D.N.J. Oct. 3, 2008) ("October 3 Opinion").

On October 6, 2008, Defendant sent Herlihy two letters, both by regular and certified mail. The first letter informed Herlihy that his responses to Defendant's discovery requests were past due. The second letter enclosed a copy of the Court's October 3 Opinion. The certified mail copy of the letters was returned "UNCLAIMED." (Creech Certif., Ex. A.) The regular mail copy was not returned. Unsurprisingly, Defendant has not received responses to its latest discovery requests, nor any response whatsoever concerning the Court's October 3 Opinion.

Thus, since this suit was removed to this Court in December 2007, Herlihy has failed to prosecute this action and offered no explanation or excuse for his neglect.

## ANALYSIS

Fed. R. Civ. P. 41(b) provides that involuntary dismissal is appropriate when a "plaintiff fails to prosecute or to comply with these rules or a court order." In *Poulis v. State Farm Fire & Cas. Co.*, the Third Circuit set out six factors (the "*Poulis* factors") for a court to balance in determining whether dismissal is warranted:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

747 F.2d 863, 868 (3d Cir. 1984); *see also Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002). "Failure to prosecute does not require that the party take affirmative steps to delay the case." *Melvin v. Astbury*, No. 05-771, 2006 WL 1084225, at *2 (D.N.J. Apr. 21, 2006). Rather, failure to comply with court orders or to respond to discovery, or other failure to act, is sufficient to constitute lack of prosecution. *Adams v. Trs. of the N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 875 (3d Cir. 1994). While courts must treat *pro se* litigants with latitude, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "if a *pro se* plaintiff has been provided with ample opportunity and information to respond to a motion, but nevertheless has continually disregarded his obligations as a litigant, it is not beyond the discretion of the court to dismiss his claim," *Melvin*, 2006 WL 1084225, at *2.

3

In the Court's October 3 Opinion, it examined the *Poulis* factors and concluded that an alternative sanction — admonishing Herlihy — was warranted prior to ordering dismissal of suit. The Court further advised Defendant that "[s]hould the Court's warning fail to have the necessary curative effect, Defendant may renew its motion at an appropriate time." October 3 Opinion at 5. Now, after more than five months without a response from Herlihy, and with alternative sanctions exhausted, the *Poulis* factors compel dismissal.

First, Herlihy is a *pro se* litigant and is thus personally responsible for his omissions. *See Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 920 (3d Cir. 1992) (cited in *Melvin*, 2006 WL 1084225, at *3); *cf. Carter v. Albert Einstein Med. Ctr.*, 804 F.2d 805, 808 (3d Cir. 1986) ("[W]e do not favor dismissal of a case when the *attorney's* delinquencies — not the client's — necessitate sanctions.") (emphasis added). His non-compliance has arguably caused prejudice to Defendant because Defendant has expended unnecessary resources to defend this suit and has been deprived of its ability to obtain discovery. *See Adams*, 29 F.3d at 874 ("Prejudice also includes deprivation of information through non-cooperation with discovery, and costs expended obtaining court orders to force compliance with discovery.").

Importantly, Herlihy's history of dilatoriness is lengthy and ongoing. He failed to comply with Magistrate Judge Salas's May 14, 2008 Order; failed to respond to discovery requests served on July 14, 2008; failed twice to respond to Defendant's motions for failure to prosecute; and failed to respond in any way to the Court's October 3 Opinion. Given Defendant's reproduction of Herlihy's first certified mail receipt (Doc. No. 7), and Defendant's additional mailings to Herlihy since the Court issued the October 3 Opinion, the Court may conclude that Herlihy is fully aware of these proceedings, and thus, has willfully neglected his obligations. *See*

4

*Curtis T. Bedwell & Sons, Inc. v. Int'l Fid. Ins. Co.*, 843 F.2d 683, 695 (3d Cir. 1988) (inferring willfulness because plaintiff "failed to respond to court orders and legitimate discovery requests, . . . and failed to advance plausible reasons for the failures").

As for alternative sanctions, courts may consider a variety of options, for instance, "compelling discovery or giving Plaintiff further opportunities to appear." *Melvin*, No. 2006 WL 1084225, at *3. Here, Magistrate Judge Salas has already given Herlihy an opportunity to appear and comply with discovery requests, but to no avail. Thus, further pursuing the same avenues may be ineffective. While some courts consider levying costs or fees, *see Carter*, 804 F.2d at 808, the Court does not believe that route would be efficacious in this matter. Herlihy's total alleged damages do not exceed $4,000, and the Court may presume his *pro se* status indicates a limitation of expendable funds.

Nevertheless, the Third Circuit has advised that "dismissal is a drastic sanction" and has cautioned courts to consider whether a "lesser sanction[] would better serve the interests of justice." *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982). After all, "[d]ismissal must be a sanction of last, not first, resort." *Poulis*, 747 F.2d at 869. Lesser, alternative sanctions include "a warning, a formal reprimand, [or] placing the case at the bottom of the calendar." *Titus v. Mercedes Benz of N. Am.*, 695 F.2d 746, 750 n.6 (3d Cir. 1982).

Weighing our Circuit's advice, on October 3, 2008, this Court did exactly that: it warned Herlihy to fulfill his responsibilities, but again Herlihy shirked his duties. Thus, this Court is left

with little choice at this juncture. Because Herlihy has utterly failed to prosecute this action for more than five months, this Court will. Herlihy's Complaint will be dismissed.[2]

### CONCLUSION & ORDER

For the aforementioned reasons, Defendant's motion to dismiss (Doc. No. 10) is GRANTED. Herlihy's Complaint is hereby DISMISSED WITH PREJUDICE. The Clerk shall mark this matter CLOSED.

Newark, New Jersey
Date: January 5, 2009

/s Harold A. Ackerman,
U.S.D.J.

---

[2] There is little basis for the Court to assess whether Herlihy may be successful on the merits. His Complaint consists of one paragraph describing Defendant's failure to abide by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. Further, Herlihy has simply presented no support for his claim.